IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANDRES OLIVA-AYALA                                          PETITIONER
ADC #140725

V.                              NO. 5:12CV00111-SWW-JTR

RAY HOBBS, Director,                                        RESPONDENT
Arkansas Department of Correction


### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Andres Oliva-Ayala, an inmate in the Arkansas Department of

Correction (ADC), challenging a prison disciplinary conviction.  (Docket entry #2.)
Respondent has filed a Response.  (Docket entry #13.)  Although directed to file a
Reply, Petitioner did not do so and the deadline for filing has passed.  (Docket entry
#14.)  Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's claims, the Court will review the relevant
procedural history of the case.

On September 30, 2011, Capt. Lasaundra Malone examined the photos
recovered from a cell phone that had been confiscated from a barracks at the Varner
Unit.  One of the photos was of a tattoo of a clown, which appeared to be an exact
match of a tattoo on Petitioner's stomach.  Capt. Malone interviewed Petitioner,
photographed his tattoo, and confirmed that the tattoos were the same.  Upon
concluding her investigation, she charged Petitioner with: (1) possession/introduction
of an unauthorized electronic device (Code 9-11); (2) possession/introduction/use of
a cell phone (Code 9-13); and (3) failure to obey verbal and/or written orders of staff
(Code 12-1).  (Docket entry #2, at 8.)

On October 11, 2011, Petitioner attended a disciplinary hearing, where he
pleaded not guilty.  At that time, he stated, "I don't know nothing about it, until they
called me to the captain's office and showed me the pictures."  (*Id.* at 9.)

-3-

The Hearing Officer found that Petitioner was guilty of violating Code 9-11 and

Code 12-1, and not guilty of violating Code 9-13. (*Id.*) In explaining the factual basis

for the decision, the Hearing Officer wrote that the photo of Petitioner's tattoo was

taken by another inmate using a cell phone, that staff had proven this through an

investigation, and that he was accepting the staff report. (*Id.* at 10.) As a result of the

disciplinary conviction, Petitioner's telephone privileges were restricted for 365 days,

he was given thirty days in punitive isolation, and his good- time classification was

reduced from Class I-C to Class IV. As the basis for the punishment, the Hearing

Officer stated, "[Petitioner] is a Class I-C inmate, who must learn that having another

inmate take a picture of him with a cell phone will not be tolerated for security

purposes." (*Id.* at 9-10.)

Petitioner unsuccessfully appealed the disciplinary decision to the warden, then

to the Disciplinary Hearing Administrator, then to the ADC Director. (*Id.* at 4, 11-12.)

In this habeas action, Petitioner argues that he was denied due process and equal

protection, and his disciplinary conviction should be declared "void," because: (1) no

evidence exists to support his disciplinary conviction;[1] (2) his conviction was

---

[1]To support his claim that the evidence was insufficient, Petitioner alleges that: he was not housed in the barracks where the cell phone was found; he did not possess a cell phone; the officer "picked [him] out of every tattooed inmate at Varner as a suspect"; and, although he has a tattoo of a clown, it is in the middle of numerous other tattoos, which

"systematically affirmed without any proof of guilt"; and (3) restricting his telephone privileges for 365 days is not an authorized sanction for his conviction under the ADC's disciplinary rules.

Respondent argues that the Petition should be dismissed because: (1) Petitioner has failed to state cognizable habeas claims; (2) his claims do not implicate a constitutionally protected liberty interest; and (3) he received all of the process due him.

## II. Discussion

The United States Supreme Court has held that a disciplinary conviction which results in a prisoner *losing* good time credits implicates a liberty interest protected by the Due Process Clause. *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974). In the prison disciplinary context, protected liberty interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995).

Nothing in the record indicates that Petitioner lost any good-time credits. At

---

would have been clearly visible if the confiscated photo were of him. (Docket entry #2, at 4-5.)

most, his reduction in classification resulted in a temporary loss of his *opportunity* to earn future good-time credits. *See* Ark. Code Ann. § 12-29-202(b)(2) (inmates who are reduced to the lowest class, Class IV, as a result of disciplinary action, "shall not be entitled to earn meritorious good time").

Moreover, under Arkansas law, a reduction in good-time classification, without an accompanying loss of good-time credits, does not "inevitably affect" the duration of a prisoner's sentence. Rather, the accrual of "meritorious good time" affects an inmate's "transfer eligibility date," *i.e.*, when the inmate becomes eligible for transfer from the ADC's traditional correctional facilities to community correction facilities, programming and supervision. *See* Ark. Code Ann. § 12-29-201(a), § 16-93-1202(11)-(12). "Meritorious good time will not be applied to reduce the length of a sentence." *Id.* § 12-29-201(d); *see also McKinnon v. Norris*, 231 S.W.3d 725, 730 (Ark. 2006) ("meritorious good time does not apply to reduce the length of a sentence ... [a]s a result, Arkansas has not created a liberty interest in good time under the constitutional analysis in *Wolff*").

Furthermore, adjustments in classification status, placement in punitive isolation for relatively short intervals, and the temporary suspension of privileges, do not constitute the type of "atypical and significant" hardships that would trigger the protection of the Due Process Clause. *See Sandin*, 515 U.S. at 485-86 (thirty days in

disciplinary segregation); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (nine months in administrative segregation); *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005) (reduction in class status and thirty days in punitive isolation); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (thirty-seven days in isolation and restricted privileges); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (thirty days in punitive isolation and restricted telephone and other privileges).

Finally, even if Petitioner has stated a cognizable due process claim, it would still fail on the merits.

Due process only requires that the record contain "some evidence" to support a disciplinary decision that results in the loss of good-time credits. *Superintendent v. Hill*, 472 U.S. 445, 454-56 (1985).[2] Prison officials can permissibly rely solely on violation reports to find inmates guilty of disciplinary infractions. *Id.* at 456; *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008); *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). Applying the *Hill* standard to the facts in this case, the

---

[2] "Some evidence" has been construed to mean "*any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added). Under this minimal evidentiary standard, federal courts are required to defer to the judgment of prison officials in maintaining discipline in their institutions while meeting constitutional requirements. *Id.* at 456. This limited review by federal courts does not require examination of the entire record, independent assessment of credibility of witnesses, or weighing of the evidence. *Id.* at 455.

Court concludes that the record contains "some evidence" to support the Hearing Officer's finding that Petitioner was in possession of an unauthorized electronic device and violated staff orders.

In a prison disciplinary proceeding, which may result in the loss of good-time credits, an inmate must receive only the following minimum procedural due process protections: (1) written notice of the disciplinary charges at least twenty-four hours before the hearing; (2) an opportunity to call witnesses and present a defense; and (3) a written statement from an impartial decision-maker identifying the evidence relied upon and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-67. There is no question here that Petitioner received all of these procedural protections.

The protections described in *Wolff* do not include the right to an appeal of a disciplinary decision. *See id*. at 565 (accepting Nebraska system's failure to provide for administrative review of disciplinary decisions). Therefore, any alleged irregularity in the disciplinary appeals process does not amount to a federal due process violation. In addition, Petitioner's assertion that the ADC violated its own rules regarding sanctions does not state a federal due process claim. *Phillips*, 320 F.3d at 847 (prison official's failure to follow prison policy does not rise to the level of a constitutional violation).

Finally, Petitioner's conclusory assertion of an "equal protection" violation fails

-8-

because he does not allege that he was treated differently from similarly situated inmates. *See id.* at 848 (elements of equal protection claim).

Thus, the Court concludes that all of Petitioner's claims are without merit.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus (docket entry #2) be DENIED, and this case be DISMISSED, with prejudice.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 6th day of September, 2012.

_____
UNITED STATES MAGISTRATE JUDGE